# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59515-0-II |
| Respondent, | |
| v. | |
| CHIXU HUANG, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Chixu Huang appeals his conviction for manufacturing a controlled substance (cannabis), arguing that the search warrant was not supported by probable cause. The State concedes that the search warrant was not supported by probable cause. We accept the State's concession, reverse Huang's conviction, and remand for further proceedings consistent with this opinion.

FACTS

In June 2019, Huang was charged with manufacturing a controlled substance (cannabis). Huang filed a motion to suppress the evidence discovered during the execution of a search warrant, arguing that the search of his property was unconstitutional because the search warrant was not supported by probable cause.

In the affidavit supporting the challenged search warrant, the officer stated that the Washington State Patrol received information that there was an indoor cannabis growing location at Huang's property. The officer included the reasons the officer believed cannabis was being grown at the property, including their observations of the property as well as additional information

from utility records. The officer also checked for any cannabis licenses issued by the Washington State Liquor and Cannabis Board.

The superior court denied Huang's motion to suppress. The case then proceeded to a stipulated facts bench trial. The trial court found Huang guilty of manufacturing a controlled substance (cannabis). The trial court imposed 12 months of community custody.

Huang appeals.

ANALYSIS

Huang argues that the search warrant was not supported by probable cause because the officer did not eliminate all the possible legal reasons for growing cannabis in the affidavit supporting the application for the search warrant. The State concedes that the affidavit supporting the search warrant did not establish probable cause. We accept the State's concession.

Under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution, a search warrant may be issued only upon a showing of probable cause. *State v. Le*, 33 Wn. App. 2d 818, 829-30, 564 P.3d 1019 (2025). "Evidence seized pursuant to a search warrant must be suppressed if probable cause does not support the warrant." *State v. Gudgell*, 20 Wn. App. 2d 162, 180, 499 P.3d 229 (2021).

Huang argues that the affidavit supporting the search warrant failed to establish probable cause that the cannabis grow operation was illegal and not a licensed grow operation. The State concedes that the affidavit supporting the search warrant application failed to eliminate all the legal ways in which Huang could have been growing cannabis or hemp, and therefore, the affidavit did not establish probable cause showing the cannabis growing operation was illegal. We accept the State's concession, reverse Huang's conviction, and remand for further proceedings consistent with this opinion.

2

No. 59515-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.